STATE OF MAINE

CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-26
TED-CUM-5/30/2AP-00-25

Docket No. AP-00-26

BERT CLOUTIER JR.,
      Appellant

v.

JENNIFER LOWELL,
      Appellee

Docket No. AP-00-25

JENNIFER LOWELL,
      Appellee

v.

BERT CLOUTIER JR.,
      Appellant

**DECISION ON APPEAL**

RECEIVED & FILED

MAY 3 0 2001
ANDROSCOGGIN
SUPERIOR COURT

Bert Cloutier Jr. initiated a small claims action against Jennifer Lowell seeking an award of $812.07 for the cost of materials he used to remodel Lowell's basement. He claims this was pursuant to a verbal agreement that she would repay him for the materials and that he would then rent the premises for $275.00 until his own home was built. After some of the work had been done by Cloutier's father, Cloutier decided not to move in. The work was not completed and Cloutier never became Lowell's tenant.

Lowell filed a separate small claims action alleging that numerous changes were made to the plans at Cloutier's urging, resulting in additional cost to Lowell,

that Cloutier never completed the job, that she incurred additional expense to complete the job, and that she lost the benefit of his rent.

Evidence was heard by the District Court (Livermore Falls, *Beliveau, J.*) in a consolidated hearing. The court ruled for Ms. Lowell in each case and awarded her $1,036.00 plus costs in her claim against Cloutier. Cloutier requested a written explanation from the hearing judge who subsequently filed a written decision common to both cases. Cloutier then filed an appeal in each matter but did not request a *de novo* jury trial in the case where he was named as the defendant. M.R.S.C.P. 11(d)(2). Both appeals are then to be heard only on questions of law. M.R.S.C.P. 11(d)(1) and (2). A transcript of the hearing in small claims court has not been presented by the appellant.

Cloutier's claim on appeal, as presented at oral argument, rests primarily on a claim of unfairness in that he never became Lowell's tenant, should not have to pay for improvements that she made without his consent, and is entitled to reimbursement for materials purchased for Lowell's property pursuant to their oral agreement.

In his written decision, the hearing judge made specific factual findings. Specifically, and most importantly, he found that:

> These parties were once friends. Lowell had been divorced from her husband and ended up with the marital home as a result of the divorce . . . . [Cloutier] was to begin building a home and in the interim was looking for a place to live. Lowell suggested or he suggested that he live in the basement of Lowell's house and share the house with her and her child. Nothing was put in writing, all was verbal. The agreement was that he and she would renovate the basement of the house to make it rentable and he was to pay $275 per month rent after the renovations. . . .

Cloutier and his father did work and supplied materials in renovating the basement. . . . Lowell spent money and effort on the renovations. All of this work and expenditures was conditioned on Cloutier moving into the basement. Lowell relied on Cloutier to move in upon completion of the work. She had no intention of doing these renovations. It was Cloutier's promise to move in that motivated her into agreeing to renovate and rent the basement.

The court further found that it was Cloutier who decided not to move in and that Lowell was left with an unfinished basement she could not rent. The court awarded Lowell $1,036.00 for the cost of labor and materials to finish the job, but denied relief for lost rent.

Cloutier's written submission to the court, which is treated as his brief on appeal, is merely a recitation of the facts that were or should have been presented at hearing. Without a transcript this court cannot say that the decision of the hearing judge was against the weight of evidence or should otherwise be vacated due to an error of law. The court found that Cloutier breached their oral agreement. He is therefore liable for resulting damages.

The clerk will make the following entries as the decision of this court:

1. The appeal in docket number AP-00-25 is denied.

2. The appeal in docket number AP-00-26 is denied.

3. These cases are remanded to the District Court for entry of final judgment.

So ordered.

DATED: May 30, 2001

Thomas E. Delahanty II
Justice, Superior Court